# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SPECS GMBH, et al.,**

    **Plaintiffs,**

v.                                                      Case No.  8:12-cv-429-T-30EAJ

**SPECS SCIENTIFIC INSTRUMENTS, INC.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Defendants' Answer (Dkt. #8).  Upon considering the motion,[1] and being otherwise advised in the premises, the Court concludes that the motion should be denied in part, and granted in part.

### Discussion

Plaintiff sued Defendants alleging trademark infringement and unfair competition resulting from Defendants' purported unlawful use of Plaintiff's SPECS trademark. Defendant Dietrich Von Diemar, acting *pro se,* later answered the Complaint on behalf of all three Defendants (*see* Dkt. #6).  Plaintiff now moves to strike Defendants' Answer.

Plaintiff argues that Dietrich Von Diemar's individual answer should be stricken for failure to properly comply with Fed. R. Civ. P. 8(b), by allegedly failing to "state in short and plain terms" Defendant's defenses, and failing to properly "admit or deny the allegations

---

[1] Defendants have failed to respond to Plaintiff's Motion.

asserted against" him. Fed. R. Civ. P. 8(b)(1). The Court concludes that Defendant Dietrich Von Diemar's Answer is sufficient, and should not be stricken.

While Von Diemar's Answer fails to comply with the pleading niceties this Court would like to see, it gives Plaintiff fair and adequate notice of his defense. Among other things, his Answer makes clear that he generally denies liability for trademark infringement and unfair competition. Cognizant of the fact that courts construe the pleadings of *pro se* litigants more liberally than those drafted by attorneys, this Court concludes that Defendant Von Diemar's Answer is sufficient. *See, e.g., Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990).

The Court does conclude, however, that the Answer should be stricken with respect to the corporate Defendants Specs Scientific Instruments, Inc., and Specs Technologies Corporation. Corporations may appear in an action only through an attorney licensed to practice before this Court. *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distr. Co.,* 748 F.2d 602, 609 (11th Cir. 1984). Defendant Von Diemar, who filed the Answer on behalf of these two corporate Defendants, does not appear to be an attorney, and has, at any rate, not identified himself as such. As a result, the Answer of the two corporate Defendants should be stricken.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff Specs Surface and Nano Analysis, Inc.'s Motion to Strike Defendant Dietrich Von Diemar's Answer (Dkt. #8) is hereby denied.

2. Plaintiff Specs Surface and Nano Analysis, Inc.'s Motion to Strike Defendant Specs Scientific Instruments, Inc.'s Answer (Dkt. #8) is hereby granted.

3. Plaintiff Specs Surface and Nano Analysis, Inc.'s Motion to Strike Defendant Specs Technologies Corporation's Answer (Dkt. #8) is hereby granted.

4. Defendants Specs Scientific Instruments, Inc. and Specs Technologies Corporation shall answer, or otherwise respond to Plaintiff's Complaint, through an attorney, within twenty (20) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-429.mts.8.frm