**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SPECS GmbH, and
SPECS SURFACE AND
NANO ANALYSIS, INC.,

    Plaintiffs,

CASE NO.: 8:12-cv-429-T-30EAJ

v.

SPECS SCIENTIFIC
INSTRUMENTS, INC.,
a Florida corporation;
SPECS TECHNOLOGIES
CORPORATION, a Florida
corporation; and DIETRICH
von DIEMAR, an Individual,

    Defendants.
_____/

### SUMMARY FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT, DIETRICH von DIEMAR

Upon consideration of Plaintiffs' Motion for Entry of Summary Final Judgment and Permanent Injunction, and Memorandum in Support (Dkt. #26) thereof, and this Court being fully aware of the premises, the Court makes the following findings of fact and conclusions of law:

1.    This Court possesses jurisdiction over the Plaintiffs, SPECS GmbH, SPECS Surface and Nano Analysis, Inc., (hereinafter "SPECS" or "Plaintiffs") and Defendant, Dietrich von Diemar ("Diemar" or "Defendant"), and the subject matter of this action.

2. SPECS are the owners of the registered trademarks attached as Composite Exhibit 1 (hereinafter referred to as the "SPECS Trademarks"). The registrations are valid and subsisting and are conclusive proof of Plaintiffs' rights to the marks noted.

3. Plaintiffs' request that this Court grant a Permanent Injunction forever enjoining Diemar from utilizing the SPECS Trademarks in conjunction with the offering for sale, distribution, marketing, advertising and sale of systems and components for surface analysis, and provision of services in connection with surface analysis.

4. Plaintiffs demonstrated that the undisputed record evidence in this case establishes that Diemar has and is violating the Lanham Trademark Act by infringing Plaintiffs' SPECS Trademarks and has and i engaging in unfair competition.

5. The undisputed record evidence establishes that Diemar infringed Plaintiffs' SPECS Trademarks. "[I]nfringement, by its nature causes irreparable harm." *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1029 (11th Cir. 1989). "[T]here is no adequate remedy at law to redress infringement." *Id.* The hardship to Plaintiffs resulting from Diemar's infringement of Plaintiffs' valid trademarks and violation of its trademark rights "far outweighs" any possible hardship to Diemar if he is enjoined from engaging in acts of infringement and unfair competition. *See Zamperla*, 2012 WL 5266044 at *6 (M.D. Fla. Oct. 5, 2012). Finally, in the Middle District of Florida, the public interest is "paramount" in a trademark infringement action. *DC Comics*, 2012 WL 4328610 at *8. The public has a strong interest in not being confused by trademark infringement and unfair competition.

In view of the foregoing, Plaintiffs' Motion for Entry of Summary Final Judgment and Permanent Injunction (Dkt. #26) is GRANTED.

**IT IS ORDERED AND ADJUDGED** that a PERMANENT INJUNCTION is entered as to Defendant, Dietrich von Diemar, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Dietrich von Diemar, his agents, servants, officers, directors, shareholders, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise from:

    a. Advertising, marketing, promoting, soliciting, selling and/or offering for sale any goods and/or services including, but not limited to, systems and components for surface analysis, not authorized by Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the SPECS Trademarks listed on Exhibit A to this Order;

    b. Passing off, inducing or enabling others, to produce or pass off, as authentic services produced by the Plaintiffs or otherwise authorized by Plaintiffs, any services not authorized by Plaintiffs or produced under the control or supervision of Plaintiffs, or approved by Plaintiffs, which utilize any of the SPECS Trademarks listed on Exhibit A to this Order;

    c. From diluting and infringing the SPECS Trademarks and damaging its goodwill; and

    d. From causing, aiding, and/or abetting any other person from doing any act proscribed under a. through c. above.

It is further, **ORDERED AND ADJUDGED,**

That Diemar shall, within thirty (30) days of issuance of this Order, turn over and transfer possession of all physical signage that utilize or incorporate the SPECS Trademarks located at any business operated, owned or controlled by von Diemar, to SPECS' counsel. In complying with the Order, Diemar shall cooperate with SPECS' counsel in arranging reasonable dates and times to turn over the infringing signage.

It is further, **ORDERED AND ADJUDGED**,

That Diemar shall transfer ownership of the domain name "specs-scientific.net" to Plaintiffs, or their designee, within thirty (30) days of the entry of this Order, including cooperating with Plaintiffs' counsel to arrange for the transfer. As part of this cooperation, Diemar shall execute any and all transfer documentation provided by the registrar of the domain name and pass on any transfer codes provided by the registrar to Plaintiffs' counsel, to effectuate the transfer. If Diemar refuses to cooperate with the transfer of the domain name within thirty (30) days of issuance of this order, it is further ordered that the registrar of the domain name "specs-scientific.net" shall thereafter transfer the domain name to the Plaintiffs or their designee upon presentation of a certified copy of this Order by the Plaintiffs.

It is further, **ORDERED AND ADJUDGED**,

That Plaintiffs shall provide a report to this Court within sixty (60) days of entry of this Order showing whether Diemar has fully complied with this Order, and if Diemar

has failed to fully comply, to seek further direction and orders from the Court to compel full compliance.

It is further, **ORDERED AND ADJUDGED,**

That a Summary Final Judgment is entered in favor of Plaintiffs, and against Deimar.

It is further, **ORDERED AND ADJUDGED**,

That this Court shall retain jurisdiction of this action for purposes of enforcing the provisions of the Permanent Injunction and Final Order by way of contempt or otherwise. Diemar shall not contest the validity of the SPECS Trademarks in any such proceedings.

The Clerk is directed to close this case.

DONE AND ORDERED at Tampa, Florida on this 21st day of May, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Attachment:
Composite Exhibit 1

S:\Odd\2012\12-cv-429 summary fj Diemar.docx